IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
JUL 20 2020
Clerk, U.S. Courts
District Of Montana
Billings Division

| | |
|---|---|
| MITCHELL JAMES CHANDLER,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Cause No. CV 20-84-BLG-SPW<br><br>ORDER |

This matter comes before the Court on Petitioner Chandler's application for a writ of habeas corpus. He alleged his "federal bureau of prisons time has been served" and he "should be under the custody of the probation office" but was "being held without reason by the federal marshals at the Yellowstone County Detention Facility." *See* Pet. (Doc. 1) at 1 ¶¶ 1–2. Similarly, in his letter to the clerk, Chandler said, "Being held past the date I should have been released from the halfway [house] creates an issue because my supervised release time has begun." Letter (Doc. 1-1) at 1.

When Chandler filed his petition, nothing in it or in the criminal docket gave the Court a clue as to why Chandler was in the local jail. He represented that he completed his prison term, and the dockets of his criminal cases, *see* Nos. 1:04-CR-113, 1:06-CR-35, showed no pending petition to revoke his supervised release.

1

The Court ordered the United States to show cause why Chandler should not be immediately released (Doc. 4). The United States' response was five days late, but its tardiness was due to an oversight by the Court. Chandler did not challenge the validity of his conviction or sentence, so the clerk correctly filed the habeas petition as a civil case. However, because almost all documents filed in this District by federal prisoners take the form of motions in a criminal case, the Court overlooked a necessary step: it did not formally serve the petition on the United States.[1] As the United States did not have appropriate notice of the Court's Order, it is not at fault for missing the deadline.

The United States' response establishes that Chandler is still serving the prison portion of his federal sentence in the custody of the Federal Bureau of Prisons. *See* 18 U.S.C. § 3621(a). Chandler left a residential reentry center and failed to return. He was arrested six days later. The BOP revoked his prerelease custody and took away good-time credits. *See* 18 U.S.C. § 3624(g)(2), (5). He is in jail awaiting transport back to federal prison. *See generally* Resp. (Doc. 5) at 2–4 & Ex. (Doc. 5-1) (Notice of Escaped Federal Prisoner).

It was hard to believe Chandler did not know about these things when he filed his petition, but still, he had claimed the Marshals were holding him "without

---

[1] Chandler is proceeding in forma pauperis. *See* Order (Doc. 4) at 1 ¶ 1. The Court is responsible for serving the petition. *See* 28 U.S.C. § 1915(d).

reason." So the Court set a deadline for Chandler to reply (Doc. 7).

The reply raises new issues, alleging violation of rights not by the Marshals but "by the B.O.P. and the Government." *See* Reply (Doc. 8) at 2. He also questions whether he absconded twice or just once and whether an "excessive amount of good time credit" was taken from him. *See id.* at 3.

After exhausting administrative remedies, a federal prisoner may file a § 2241 petition in the proper District to challenge "the manner, location, or conditions of [his] sentence's execution." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000); *see also, e.g., United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). Chandler's reply raises issues of that nature.

But Chandler's *petition* alleged he was not in the custody of the Bureau of Prisons because he completed his prison sentence. The United States' response settles the only matter the petition put at issue. Chandler is in the custody of the Bureau of Prisons and is not entitled to immediate release.

A certificate of appealability is inapposite. *See* 28 U.S.C. § 2253(c)(1).

Accordingly, IT IS ORDERED:

1. Chandler's petition for writ of habeas corpus (Doc. 1) is DENIED.

2. By separate document, the clerk shall enter judgment in favor of the United States and against Chandler.

3. Pursuant to Fed. R. App. P. 24(a)(3)(A), the Court CERTIFIES that any appeal of this disposition would not be taken in good faith.

DATED this 20th day of July, 2020.

Susan P. Watters
United States District Court